FOR THE

## COUNTY OF PENOBSCOT,

## 1851.

PRESENT:

Hon. ETHER SHEPLEY, LL. D., CHIEF JUSTICE.
Hon. JOHN S. TENNEY, LL. D., } ASSOCIATE
Hon. SAMUEL WELLS, } JUSTICES.
Hon. JOSEPH HOWARD.

MILLER, *in equity, versus* WHITTIER,
JONES,
PERKINS, *and*
WENDELL AND WIFE.

In proceedings in equity, all persons in interest, and within the jurisdiction, and capable of being parties, must be made parties before the final decree.

Even at the hearing upon bill, answer and proof, a person in interest, who has never appeared or been cited to appear, may, *upon motion*, and without a supplemental bill, be summoned in and made a party.

The terms upon which such motion will be granted, may be adjudged in a subsequent stage of the proceedings.

VOL. XXXIII.             66

BILL IN EQUITY. The bill is sufficiently set forth in the report of the case, 32 Maine, 203.

After the disallowance of the demurrers as there ordered, 32 Maine, 210, answers were filed by Whittier and Jones, and evidence was introduced by them and by the plaintiff.

The counsel for the plaintiff, at the hearing, moved the Court for leave to amend the bill by inserting, as a defendant, the name of Mrs. Wendell, and for leave to summon her in as a party.

The substance of the answers and the effect of them in connection with the proofs, are sufficiently exhibited in the opinion of the Court.

*Rowe & Bartlett*, counsel for the plaintiff.

*Cutting* and *J. A. Peters*, for the defendants, Whittier and Jones.

HOWARD, J. — The plaintiff alleges that the defendant Whittier holds the property in controversy, in trust for him. Whittier does not admit the trust, nor expressly deny it, but admits that there were " certain verbal agreements and understandings, that if Perkins and Wendell should do certain things, which they agreed to do, they were to receive their share of the profits ;" and submits whether the facts stated, constitute him trustee. The plaintiff has acquired the interest of Perkins and Wendell, and seeks the execution of the supposed trust, and a specific performance of the agreement of November 17, 1845, between Whittier and I. P. Wendell & Co. ; Perkins having before that time conveyed to Wendell, who transacted business in the name of I. P. Wendell & Co. The original purchase was made with funds, furnished principally, if not wholly, by Perkins and Wendell, but the conveyance was made by Patten, on August 3, 1836, directly to Whittier, by whom, or through whose agency, the purchase was effected.

The business relations between Perkins and Wendell, and Whittier, appear to have been conducted in mutual confidence, and without the usual evidence and securities in such transac-

tions. The extent and character of their respective interests do not appear by any writing, or agreement distinctly proved. Whittier managed the property, improving, mortgaging, and selling portions of it, transmitting, at times, the proceeds to Perkins and Wendell, and corresponding with them in reference to his proceedings; and yet the precise interests and relations of the parties in respect to the property, were not stated, and are not shown. Whether Whittier was trustee of Perkins and Wendell, or their agent having an interest, or with power to sell and convey the estate, it might be somewhat difficult to determine from the evidence. But the agreement of November 17, 1845, renders such determination of less importance. Whatever may have been the true position of the parties prior to that time, they were then at liberty to adjust and establish their rights and interests by agreement. If Whittier had been trustee, as the plaintiff charges, it was then competent for him and the *cestui que trust* to modify, change, or terminate the trust. In that agreement the prior claims of the parties appear to have been intentionally merged.

The case, then, is resolved into the mere consideration, whether the plaintiff is entitled to a decree under the agreement. He alleges "his willingness, and offers specifically to perform and do, on his part, whatever said I. P. Wendell & Co., his grantors, should do and perform in and by said agreement, and whatever the Court shall order and direct him to do in the premises;" but does not allege performance.

Whittier alleges that "he has done and performed and fulfilled all and singular, according to his best skill and judgment, his agreements and stipulations, in that agreement, and as agent from that time till now, has devoted his whole time and attention to the business of said concern, and in all things acted in good faith, and he denies all allegations in the bill to the contrary." He denies "that he has ever refused, absolutely, to convey, deliver, or account to even the plaintiff, as alleged in the bill. But he has always been desirous that I. P. Wendell & Co., or their assignee, should perform the agree-

ment on their part, which he alleges is not done." He asserts that he has never been called upon for a settlement, and to account, and that he has often requested them to arrange the subject of the contract, but without success, owing to their negligence. He denies that he has threatened to sell and dispose of the property without accounting, but "since the plaintiff has commenced, in manner aforesaid, this suit, he is now disposed to place himself on, and defend his just, legal, and equitable right." He further states that he does not consider the whole property named in the agreement, "so much an object to him, as it would be to have I. P. Wendell & Co., or the complainant, comply with, and honorably fulfil said agreement."

The omission by the plaintiff, or his assignors, to perform, does not appear to have been materially injurious to the defendants. Indeed, Whittier has waived their performance of the agreement, by continuing to act as agent under it, and charging his disbursements, liabilities and compensation for services.

While the plaintiff seeks a decree for specific performance of the agreement, it is in reference to such portions only, of the property described, as remain unsold, and not disposed of by Whittier, and "the transfer and delivery of all the moneys and securities, if any, taken in payment of the same, and an account of the income and profits made out of said estate real and personal." He thus ratifies the *bona fide* sales and conveyances by Whittier, and presents his claims in the most favorable light for the defendants. A specific performance of the contract, thus qualified, would not seem to be injurious or distasteful to either, but in accordance with the best interests and wishes of both parties, and may be decreed.

The evidence does not sustain the charge of fraud, on the part of Whittier or Jones. The mortgage from Whittier to Smith, of a portion of the estate, was known to I. P. Wendell & Co. and was neither disapproved nor repudiated; and his authority to make the conveyance, is not denied in the bill. *Qui tacet consentire videtur*, was a maxim of the civil law

and here the conveyance was expressly recognized in the agreement. The assignment of this mortgage to Jones, and the subsequent arrangement, and conveyance from Whittier to him, and his obligation given back to Mrs. Whittier to convey to her upon the payment of $500, appear to have been *bona fide* and for a valuable consideration. The whole constitutes a mortgage, of which the equity of redemption will be in the plaintiff by the decree subject to the equitable claims of Mrs. Whittier. The other conveyances by Whittier to Jones, stated in the bill, appear to have been made to secure alleged amounts due Jones on account for means received and used by Whittier in carrying on and managing the estate, as agent for the plaintiff and his assignors. The equities of redemption in these mortgages will be in like manner in the plaintiff. Jones will be entitled to payment of the amounts proved before a master, and found to be due him on the several mortgages, on an adjustment of his claims and the accounts for rents and profits. He will then be required to convey to the plaintiff, in the language of the bill, "all real estate which has come into his hands by such conveyances, and to deliver possession thereof, and of all the personal estate which has come into his hands, or so much of both as remains unsold, and to render an account of the parts sold of the income, and to pay over the moneys and securities received therefor, or that may on such accounting appear to be due to the plaintiff."

In proceedings in equity all persons in interest, and within the jurisdiction, and capable of being parties, must be made such, before a decree. The interest of Mrs. Whittier is shown, and she may be made a party to the suit, on such terms as may be adjudged reasonable, upon the motion of the plaintiff before us.

When the proper parties are before the Court, a master will be appointed to state an account with Whittier, since Nov. 17, 1845, exhibiting the sums due to him, by the contract, and the claims he justly has against the estate, for services and expenditures; what property, securities and means, in-

cluding rents and profits he has received from it ; the conveyances made, and the amounts received and receivable therefrom. Also to state the amounts due, *bona fide*, to Jones, on the several mortgages, and the rents, profits and income received by him from the property. And to state the amount originally secured to Mrs. Whittier, by the mortgage to Smith, and the sum justly due to her on that account.

Upon the coming in of the master's report, the Court will be enabled to adjust the rights of all interested, and to draw up and enter the proper decretal order.

The bill will be dismissed, as to Ann E. Wendell, Perkins, and Isaac P. Wendell, without costs.